UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE T. GREER, | ) | CASE NO. 5:14CV1975 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| MAGGIE BRADSHAW, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Respondent. | ) | OF MAGISTRATE JUDGE |
| | ) | |

On September 2, 2014, Petitioner George T. Greer ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  ECF Dkt. #1.  Respondent Maggie Bradshaw ("Respondent") filed a return of writ on November 25, 2014.[2]  ECF Dkt. #6.  Petitioner filed a traverse to the return of writ on December 29, 2014.  ECF Dkt. #8.

For the following reasons, the undersigned RECOMMENDS that the Court DISMISS Petitioner's petition for a writ of habeas corpus (ECF Dkt. #1) in its entirety with prejudice.

**I.**    **SYNOPSIS OF THE FACTS**

The Ninth District Court of Appeals set forth the facts of this case on direct appeal. These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denie*d, 527 U.S. 1040 (1999).  As set forth by the Ninth District Court of Appeals, the facts are:

> Late in the evening on January 2, 2012, Greer was found by a passerby, slumped over the steering wheel of his car.  His car had been in a collision, was still running, and was half-on, half-off the roadway.  It appeared that Greer had struck a telephone pole.  The passerby called 911 but before the police arrived, Greer awoke, drove his car down the street, and pulled into a church parking lot.  The

---

[1]The filing date for a petition from an incarcerated *pro se* petitioner is the date the petition was handed over to the prison mail system, not the date it was received and docketed by the federal habeas court. *Houston v. Lack*, 487 U.S. 266, 270-72, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

[2]Maggie Bradshaw is the Warden of Richland Correctional Institution.

passerby testified that Greer was unable to keep the car straight on the roadway as he drove down the street to the parking lot and that he did a "doughnut" in the parking lot before ultimately parking his car in the back of the lot.  The police and EMS arrived on scene as Greer was walking away from his vehicle.

Officer Daniel Gump and Officer David Crockett testified that Greer smelled of alcohol and had slurred speech and blood shot eyes.  Greer refused medical treatment, to perform field sobriety tests, or to provide a breath sample.  Officer Gump placed Greer under arrest, and, after it was determined the he had prior convictions for driving under the influence, he was transported to the hospital for a mandatory blood draw.

Greer was indicted on (1) possession of marijuana, in violation of R.C. 2925.11(A)(C)(3), a minor misdemeanor; (2) operating a motor vehicle under the influence of alcohol ("OVI"), in violation of R.C. 4511.19(A)(1)(a), a felony of the third degree; (3) driving under suspension, in violation of R.C. 4510.11, a first degree misdemeanor; failure to control, in violation of R.C. 4511.202, a minor misdemeanor; and (5) OVI with a blood alcohol content of .17 or more, in violation of R.C. 4511.19(A)(1)(f), a felony of the third degree.  The two OVI counts contained a mandatory prison specification, alleging Greer had been convicted of or had pleaded guilty to five or more OVI offenses within the past twenty years.

Greer pleaded guilty to the charges of possession of marijuana and failure to control and was found guilty by the jury of the remaining charges.  He now appeals and raises five assignments of error for our review.  To facilitate the analysis, we address several of the assignments of error together.

ECF Dkt. #4-13 at 1-2.

## II.    PROCEDURAL HISTORY

### A.    State Trial Court

On April 10, 2012, Petitioner pleaded guilty to one count of possession of marijuana, in violation of R.C. § 2925.11(A)(C)(3), and one count of failure to control, in violation of R.C. § 4511.202.  ECF Dkt. #4-6.  On April 3, 2012, Petitioner was found guilty by a jury of: operating a motor vehicle under the influence of alcohol ("OVI"), in violation of R.C. §  4511.19(A)(1)(a); driving under suspension, in violation of R.C. §  4510.11; and OVI with a blood alcohol content of .17 or more, in violation of R.C. §  4511.19(A)(1)(f).  ECF Dkt. #4-7.  The two OVI related counts carried a mandatory prison specification since Petitioner had been convicted of or had pleaded guilty to five or more OVI offenses within the past twenty years.  *Id.*  Petitioner was sentenced to an aggregate ten years in prison.  ECF Dkt. #1-1 at 2.

### B.    Appeals to State Intermediate Court and Supreme Court of Ohio

On June 1, 2012, Petitioner, through counsel, filed a timely notice of appeal to the Ninth

District Court of Appeals.  ECF Dkt. #4-8.  Petitioner asserted the following assignments of error:

> Assignment of Error One
>
> George Greer was denied effective assistance of counsel in violation of his Sixth Amendment right to counsel, his Fourteenth Amendment right to due process as contained in the United States Constitution, and his Ohio constitutional rights under Section 16, Article I.
>
> Assignment of Error Two
>
> The court erred to the prejudice of George Greer by failing to exclude the state of Ohio's documents alleging his past DUI convictions or pleas of guilty or no contest with the court's findings of guilt, over the objection of trial counsel as said journal entries did not conform to Criminal Rule 32.
>
> Assignment of Error Three
>
> The court erred to the prejudice of George Greer by failing to exclude the state of Ohio's exhibits alleging his past DUI convictions or pleas of guilty or no contest with the court's findings of guilt, over the objection of trial counsel because the police officer was unable to properly identify the George Greer from this case as the same George Greer contained in the State's exhibits.
>
> Assignment of Error Four
>
> The state of Ohio failed to provide sufficient evidence as to the element of identification in this matter and as such the defense's motion for acquittal pursuant to Criminal Rule 29 should have been granted.
>
> Assignment of Error Five
>
> Defense counsel's failure to object to each individual State's exhibit numbered 21-27 as well as counsel's failure to file a motion to suppress to exclude George Greer's blood sample and/or to argue to exclude same in his Rule 29 motion for acquittal at the close of the State's case constitutes plain error.
>
> Assignment of Error Six
>
> George Greer was denied effective assistance of counsel in violation of his Sixth Amendment right to counsel, his Fourteenth Amendment right to due process as contained in the United States Constitution, and his Ohio constitutional rights under Section 16, Article I. [sic]

ECF Dkt. #4-9 at 6.  Assignments of Error One through Five were raised in Petitioner's brief to the Ninth District Court of Appeals.  ECF Dkt. #4-9.  Assignment of Error Six was raised in a supplemental brief.  ECF Dkt. #4-11.  On September 30, 2013, the Ninth District Court of Appeals overruled all of Petitioner's assignments of error.  ECF Dkt. #4-13.

-3-

On October 15, 2013, Petitioner timely filed a notice of appeal to the Supreme

Court of Ohio.  ECF Dkt. #4-14.  Petitioner raised the following propositions of law:

Proposition of Law One

The Appellant was denied effective assistance of trial counsel when counsel failed
to file a motion to suppress the lab results from the blood alcohol test, failed to
argue the state had not its burden to show that Appellant's blood was drawn in
compliance with the Ohio Administrative Code ("OAC") in a suppression motion,
or in counsel's motion for acquittal, failed to file a motion to suppress because the
blood was drawn without a warrant and without consent and probable cause in
violation of the 4th Amendment, and failed to object to the States exhibits 21-27
violating Appellant's 4th, 5th, 6th, and 14th Amendment's to the United States
Constitution, and Section 16, Article I of the Ohio Constitution.

Proposition of Law Two

The Appellant was denied his constitutional rights under the 4th, 5th, and 14th
Amendment's to the United States Constitution because Ohio R.C.
§4511.191(A)(5) that authorizes a nonconsensual blood draw of a driver that is
arrested for OVI and has prior OVI offenses is unlawful and unconstitutional
under the U.S. Supreme Court decision, Missouri v. McNelly, 569 U.S. ___, 133
S.Ct. 1552 (2013), and the 4th Amendment to the United States Constitution.

Proposition of Law Three

The Ninth Appellate District's previous ruling in State v. Slates, 2011-Ohio-295,
Ohio App. LEXIS 245 (2011), that upheld the constitutionality of Ohio R.C.
§4511.191(A)(5), has been effectively overruled and eroded by the recent U.S.
Supreme Court decision, Missouri v. McNelly, 569 U.S. ___, 133 S.Ct. 1552
(2013).

Proposition of Law Four

The trial court erred to the prejudice of the Appellant by failing to exclude the
state of Ohio's documents alleging Appellant's past DUI conviction or pleas of
guilty or no contest with the court's findings of guilt, over the objection of trial
counsel as said journal entries did not conform to Ohio Crim. Rule 32 violating the
Appellant's 5th, 6th, and 14th Amendment's to the United States Constitution and
the Ninth Appellate District erred when rejecting this claim of error

Proposition of Law Five

The trial court erred to the prejudice of the Appellant by failing to exclude the
state of Ohio's exhibits alleging the Appellant's past DUI convictions or pleas of
guilty or no contest with the court's findings of guilt, over the objections of trial
counsel because the police officer testifying was unable to properly identify the
Appellant from this case as the same person contained in the State's exhibits 21-
27 and the Ninth Appellate District erred when rejecting this claim of error

Proposition of Law Six

The state of Ohio failed to provide sufficient evidence to prove beyond a
reasonable doubt that the Appellant in the State's exhibits 21-27 was the same

> George Greer before the court in the instant case and as such the defense's motion for acquittal pursuant to Crim. Rule 29 should have been granted violating the due process clause under the 5th, and 14th Amendment's to the United States Constitution and the Ninth Appellant District erred when rejecting this claim of error. [sic]

ECF Dkt. #4-15 at 10; ECF Dtk. #5 at 27 (ECF Dkt. #4-15 appears incomplete as is does not include Proposition of Law Six, however, Respondent does include Proposition of Law Six in her return of writ).  The Supreme Court of Ohio declined to accept jurisdiction of Petitioner's appeal on December 24, 2013.  ECF Dkt. #4-17.

While Petitioner's appeal to the Supreme Court of Ohio was pending, Petitioner filed an application to reopen his direct appeal in the Ninth District Court of Appeals.  ECF Dkt. #4-18. Petitioner's application to reopen his direct appeal was denied on January 7, 2014.  ECF Dkt. #4-21.  On January 23, 2014, Petitioner filed a motion for reconsideration of the decision of the Ninth District Court of Appeals denying Petitioner's application to reopen his direct appeal. ECF Dkt. #4-22.  Petitioner's motion for reconsideration was denied as a successive application on February 26, 2014.  ECF Dkt. #4-23.

On March 31, 2014, Petitioner filed a notice of appeal to the Supreme Court of Ohio appealing the February 26, 2014 decision of the Ninth District Court of Appeals.  ECF Dkt. #4-24.  Petitioner raised the following propositions of law:

Proposition of Law One

The state appellate court erred when finding Appellant's motion for reconsideration under Ohio.App.R.26(A) was a successive Ohio App. R. 26(B) application to reopen appeal denying Appellant's due process right's under the 5th, 14th Amendments to the United States Constitution.

Proposition of Law Two

Appellate counsel rendered ineffective assistance of counsel in violation of the due process clause of the Fourteenth Amendment, and the Sixth Amendment to the United States Constitution when counsel failed to raise a claim of error that the Ohio R.C. 4511.191(A)(5) was unlawful and unconstitutional under the recent United States Supreme Court decision, Missouri v. McNeely, 569 U.S. ___, 133 S.Ct. 1552 (2013), thus, violating Defendants Fourth Amendment rights, aswell as Ohio Constitution, 1 Sec.14.

Proposition of Law Three

Appellate counsel rendered ineffective assistance of counsel in violation of the due process clause of the Fourteenth Amendment, and the Sixth Amendment to

the United States Constitution when counsel failed to raise a claim of error that the trial court erred in allowing the State to introduce the testimony of Steve Perch and the blood test resaults when the State intentionally withheld evidence and violated the Ohio Crim. Rule 16(K), and the due process clause

Proposition of Law Four

Appellate counsel rendered ineffective assistance of counsel in violation of the due process clause of the Fourteenth Amendment, and the Sixth Amendment to the United States Constitution when counsel failed to raise a claim of error that trial counsel rendered ineffective assistance of counsel when counsel failed to object to the State's introduction of the blood test results under, Crawford v. Washington, 541 U.S. 36, 68 (2004).

Proposition of Law Five

Appellate counsel rendered ineffective assistance of counsel in violation of the due process clause of the Fourteenth Amendment, and the Sixth Amendment to the United States Constitution when counsel failed to raise a claim of error that the trial counsel rendered ineffective assistance when counsel failed to move to sever the possession of marijuana charge under Count I, when appellant pleaded guilty to said charge prior to trial, and trial counsel failed to request a limiting jury instruction when this evidence was introduced at trial substantially prejudicing Appellant's defense and right to a fair trial.

Proposition of Law Six

Appellate counsel rendered ineffective assistance of counsel in violation of the due process clause of the Fourteenth Amendment, and the Sixth Amendment to the United States Constitution when counsel failed to raise a claim of error that trial counsel rendered ineffective assistance when counsel failed to inform Appellant, Mr. Greer of the States plea offer. [sic]

ECF Dkt. #4-25 at 5-6.  The Supreme Court of Ohio declined jurisdiction of Petitioner's appeal on May 28, 2014.  ECF Dkt. #4-27.

## III.  28 U.S.C. § 2254 PETITION

On September 2, 2014, Petitioner filed the instant petition for a writ of federal habeas corpus.  ECF Dkt. #1.  In the habeas petition, Petitioner raises the following grounds for relief:

GROUND ONE: Ineffective assistance of trial counsel when counsel failed to file a motion to suppress the blood test results.

Supporting Facts: Sufficient grounds existed for trial counsel to file a motion to suppress the blood test results however counsel failed to do so.  (See Memorandum of Law 5-9) My Fourth and Sixth Amendment to the United States Constitution was violated because my blood was withdrawn without a search warrant and no exigent circumstances existed to justify the warrant exception.

GROUND TWO: The state appellate court decision was contrary to, and was based on an unreasonable application of, Missouri v. McNeely.

-6-

Supporting Facts: The state appellate court's decision was contrary to, and involved an unreasonable application of United States Supreme Court decision, Missouri v. McNeely, 569 U.S. ___, 133 S.Ct. 1552, 1558, 185 L.Ed.2d 693 (2013).  (See Memorandum of Law, p. 9-20)

GROUND THREE: Ineffective assistance of appellate counsel for counsel's failure to raise claims under, Crawford v. Washington, 541 U.S. 36 (2004), violating the petitioner's Sixth Amendment confrontation rights.

Supporting Facts: Appellate counsel rendered ineffective assistance when counsel failed to raise trial counsel's ineffectiveness when counsel failed to object to the State's introduction of the blood test results under, Crawford v. Washington, 541 U.S. 36 (2004), violating the petitioner's Sixth Amendment confrontation rights.

GROUND FOUR: Ineffective assistance of appellate counsel for counsel's failure to raise trial counsel's ineffectiveness for failure to sever marijuana charge.

Supporting Facts: Appellate counsel rendered ineffective assistance for failing to raise trial counsel's ineffective assistance for counsel's failure to move the trial court to sever marijuana charge (See Memorandum of Law, p. 25-28).  Trial counsel was also ineffective for failing to request a cautionary jury instruction.

GROUND FIVE: Appellate counsel rendered ineffective assistance of counsel when appellate counsel failed to raise a claim of error that the trial court erred when allowing the state to introduce the testimony of Steve Perch and the blood test results when the State intentionally withheld evidence from the defense in violation of the due process clause and Ohio Crim. R. 16(K)

Supporting Facts: This issue was raised in my Ohio App. R. 26(b) application to reopen direct appeal.  I timely raised this claim, and timely exhausted this claim to the Ohio Supreme Court. [sic]

ECF Dkt. #1 at 5-13.  On November 25, 2014, Respondent filed a return of writ.  ECF Dkt. #6.

Petitioner filed a traverse to Respondent's return of writ on December 29, 2014.  ECF Dkt. #8.

## IV.   PROCEDURAL BARRIERS TO REVIEW

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a federal writ of habeas corpus.  As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim."  532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

### A.   Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it

begins to run on the date judgment became final.  28 U.S.C. § 2244(d)(1).  The AEDPA statute of limitations is not currently at issue in this case.

### B.  Exhaustion of State Remedies

As a general rule, a state prisoner must exhaust all possible state remedies or have no remaining state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) and (c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts." *Franklin v. Rose*, 811 F.2d 322, 325 (6th Cir. 1987).  To exhaust a claim, a petitioner must present it "to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998); *see also McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000).  General allegations of the denial of rights to a "fair trial" and "due process" do not "fairly present" claims that specific constitutional rights were violated. *McMeans*, 228 F.3d at 681 (citing *Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984)).

In order to have fairly presented the substance of each of his federal constitutional claims to the state courts, the petitioner must have given the highest court in the state in which he was convicted a full and fair opportunity to rule on his claims.  *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).  A petitioner fairly presents the substance of his federal constitutional claim to the state courts by: (1) relying upon federal cases that use a constitutional analysis; (2) relying upon state cases using a federal constitutional analysis; (3) phrasing his claim in terms of constitutional law or in terms sufficiently particular to allege the denial of a specific constitutional right; or (4) alleging facts that are obviously within the mainstream of constitutional law.  *Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004) (quoting *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003)); *see also Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *cert. denied*, 509 U.S. 907 (1993).  In *Harris v. Lafler*, the Sixth Circuit laid out the options that a district court may pursue in dealing with a petition that contains unexhausted claims:

> When faced with this predicament in the past, we have vacated the order granting the writ and remanded the case to the district court so that it could do one of four things: (1) dismiss the mixed petition in its entirety, *Rhines*, 544 U.S. at 274, 125

> S.Ct. 1528; (2) stay the petition and hold it in abeyance while the petitioner returns to state court to raise his unexhausted claims, *id*. at 275, 125 S.Ct. 1528; (3) permit the petitioner to dismiss the unexhausted claims and proceed with the exhausted claims, *id.* at 278, 125 S.Ct. 1528; or (4) ignore the exhaustion requirement altogether and deny the petition on the merits if none of the petitioner's claims has any merit, 28 U.S.C. § 2254(b)(2).

553 F.3d 1028, 1031-32 (6th Cir. 2009). The Supreme Court has held that "the petitioner has the burden . . . of showing that other available remedies have been exhausted or that circumstances of peculiar urgency exist." *Darr v. Burford*, 339 U.S. 200, 218-19 (1950), *overruled in part on other grounds*, *Fay v. Noia*, 372 U.S. 391 (1963). A petitioner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal, or that he is actually innocent of the crime for which he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 748 (1991).

### C.  **Procedural Default**

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman,* 501 U.S. at 730. For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991)) (emphasis removed). When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991). In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there are no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there are no independent and adequate state

-9-

grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit established a four-pronged analysis to determine whether a claim has been procedurally defaulted under *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule.  *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991).  Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims.  *Coleman,* 501 U.S. at 729-30; *Richey v. Mitchell*, 395 F.3d 660 at 678 (2005) (holding that "a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (holding that if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (holding that even if the issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises).  Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision.  *Munson v. Kapture*, 384 F.3d at 313-14.  Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 751.  "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation.  *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985).  If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice.  *Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review federal claims:

that were evaluated on the merits by a state court. Claims that were not so

evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004).

**V**.        **STANDARD OF REVIEW**

If Petitioner's claims overcome the procedural barriers of time limitation, exhaustion, and procedural default, the AEDPA governs this Court's review of the instant case because Petitioner filed his petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 well after the AEDPA's effective date of April 26, 1996.  *Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998).  Under § 2254, a state prisoner is entitled to relief if he is held in custody in violation of the United States Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(d).

The AEDPA sets forth the standard of review for the merits of a petition for the writ of habeas corpus.  The AEDPA provides:

> (d)        An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)        resulted in a decision that was *contrary to*, or involved an *unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)        resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).  In *Williams v. Taylor*, the Supreme Court clarified the language of 28 U.S.C. § 2254 and stated:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts.  Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412-13 (2000).  Furthermore, the Supreme Court declared that "a federal habeas

-11-

court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.*  Elaborating on the term "objectively unreasonable," the Court stated that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." *Id.*; *see also Bailey v. Mitchell,* 271 F.3d 652, 655-56 (6th Cir. 2001).

The Sixth Circuit offers the following guidelines for applying the AEDPA limitations:

A.    Decisions of lower federal courts may not be considered.

B.    Only the holdings of the Supreme Court, rather than its dicta, may be considered.

C.    The state court decision may be overturned only if:

     1.    It '[applies] a rule that contradicts the governing law set forth in [Supreme Court of the United States] cases,' [the Supreme Court precedent must exist at the time of petitioner's direct appeal] or;

     2.    the state-court decision 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [Supreme Court] precedent;' or

     3.    'the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case;' or

     4.    the state court 'either unreasonably extends a legal principle from [a Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'

D.    Throughout this analysis the federal court may not merely apply its own views of what the law should be. Rather, to be overturned, a state court's application of Supreme Court of the United States precedent must also be objectively unreasonable.  That is to say, that 'a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or

-12-

> incorrectly.' 'An unreasonable application of federal law is different from an incorrect or erroneous application of federal law.'
>
> E.    Findings of fact of the state courts are presumed to be correct. 'The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.'

*Bailey,* 271 F.3d at 655-56 (6th Cir. 2001) (internal citations omitted).

Finally, a reviewing federal court is bound by the presumption of correctness, under which the federal court is obligated to "accept a state court's interpretation of the state's statutes and rules of practice." *Hutchinson v. Marshall*, 744 F.2d 44, 46 (6th Cir. 1984), *cert. denied*, 469 U.S. 1221 (1985); *see also Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986). The presumption of correctness is set forth in 28 U.S.C. § 2254(e), which provides:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

28 U.S.C. § 2254(e). The presumption of correctness applies to basic primary facts, and not to mixed questions of law and fact. *Levine*, 986 F.2d at 1514. The presumption also applies to "implicit findings of fact, logically deduced because of the trial court's ability to adjudge the witnesses' demeanor and credibility." *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir. 1996), *cert. denied*, 520 U.S. 1257 (1997). Furthermore, a reviewing federal court is not free to ignore the pronouncement of a state appellate court on matters of law. *See Central States, Southeast & Southwest Areas Pension Fund v. Howell*, 227 F.3d 672, 676, n.4 (6th Cir. 2000). Petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## VI.    ANALYSIS

Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 2, 2014. ECF Dkt. #1. On November 25, 2014, Respondent filed a return of writ. ECF Dkt. #6. Petitioner filed a traverse to Respondent's return of writ on December 29, 2014. ECF Dkt. #8. Petitioner's habeas petition asserts five grounds for relief. Each ground for

-13-

relief will be addressed in turn.

> ### A.    Merits of Ground One
>
> Petitioner's first ground for relief states:
>
> GROUND ONE: Ineffective assistance of trial counsel when counsel failed to file a motion to suppress the blood test results.
>
> Supporting Facts: Sufficient grounds existed for trial counsel to file a motion to suppress the blood test results however counsel failed to do so.  (See Memorandum of Law 5-9) My Fourth and Sixth Amendment [sic] to the United States Constitution was violated because my blood was withdrawn without a search warrant and no exigent circumstances existed to justify the warrant exception.

ECF Dkt. #1 at 5.  Petitioner contends that the Ninth District Court of Appeals' decision rejecting the above quoted ineffective assistance of counsel claim was erroneous and based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings for purposes of 28 U.S.C. § 2254(d)(2).  ECF Dkt. #1-1 at 5.  To support his contention, Petitioner argues that the record supported the argument that had trial counsel timely filed a suppression motion indicating that the State had failed to meet the statutory requirements under R.C. § 4511.19(E) and O.A.C. § 3701-53-01 through § 3701-53-10, the suppression motion would have been granted and the blood-draw evidence would have been subject to suppression. *Id.* at 6.  R.C. § 4511.19(E) and O.A.C. § 3701-53-01 through § 3701-53-10 direct the manner in which alcohol testing must be performed and the way in which the laboratory report must be prepared.

Petitioner argues that had trial counsel timely filed a suppression motion, the state would have the burden of showing that the blood test was administered in substantial compliance with the regulations prescribed by Ohio law.  ECF Dkt. #1-1 at 6.  Continuing, Petitioner claims that the State presented no evidence of compliance with the procedures dictated under Ohio law. *Id.* at 7.

In *Strickland v. Washington*, 466 U.S. 668, 687 (1984), the Supreme Court of the United States fashioned a two-prong test that a defendant must satisfy to establish a Sixth Amendment

violation: (1) "the defendant must show that his counsel's performance was deficient," and (2) "the defendant must show that the deficient performance prejudiced the defense." To establish deficient performance under the first prong, the defendant is required to show that his "counsel's representation fell below an objective standard of reasonableness." *Id.* at 668. The scrutiny applied to counsel's performance is highly deferential, and "must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance... [and] that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (internal citations omitted). To demonstrate prejudice under the second prong, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the results of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability that is sufficient to undermine confidence in the outcome." *Id.*

In his habeas petition, Petitioner provides several reasons why he believes that a motion for suppression was proper. First, Petitioner claims that the State presented no evidence that the person who drew Petitioner's blood used the proper, non-alcoholic antiseptic solution to clean his skin prior to the blood draw as mandated by O.A.C. § 3701-53-05(B). ECF Dkt. #1-1 at 7. Second, petitioner claims that the State presented no testimony or evidence that the vacuum container used to hold his blood contained a solid anticoagulant as required by O.A.C. § 3701-53-05(C). *Id.* Finally, Petitioner argues that the State presented no testimony or evidence that the person who drew his blood signed the blood-test results under oath as prescribed in R.C. § 4511.19(E)(1)(a). *Id.* Based on these reasons, Petitioner alleges that trial counsel's failure to file a motion to suppress constitutes ineffective assistance of counsel. ECF Dkt. #1 at 8. Respondent argues that the Ninth District Court of Appeals was correct in determining that defense counsel's decision to not file a motion to suppress the blood test results based upon improper methodology may have been a trial strategy, and that Petitioner has failed to show that there is a reasonable probability that the verdict would have been different. ECF Dkt. #6 at 21-24. Petitioner further argued that not filing a motion to suppress could not have been trial strategy because "blankit [sic] denials of ineffective assistance of counsel claims based on counsel's alleged strategy have been flatly rejected" in the Sixth Circuit, and because defense counsel did attempt to preclude the

-15-

introduction of the blood test results and was prevented from doing so because defense counsel never timely filed a motion for suppression.  ECF Dkt. #1-1 at 8; ECF Dkt. #8 at 7.  The case relied upon by Petitioner to support his contention that blanket denials of ineffective assistance of counsel claims based on counsel's alleged strategy have been flatly rejected in the Sixth Circuit, *Manley v. Ross Correctional Inst.*, 314 Fed. App'x 776 (6th Cir. 2008), indicates that the label "strategy" is not a blanket justification for conduct which otherwise amounts to ineffective assistance of counsel, and that even deliberate trial tactics may constitute ineffective assistance if they fall outside of the wide range of professionally competent assistance.  *Id.* at 783.

Petitioner's arguments suffer from the fatal defect that he fails to prove, or allege, that the State could not prove substantial compliance with Ohio law regarding his blood draw.  Even if Petitioner's arguments were to be accepted that his trial counsel was ineffective for failing to file a motion to suppress, thus satisfying the first prong of *Strickland*, Petitioner can not show that the alleged deficient performance prejudiced his defense.  Petitioner does not claim that the State could not show that it complied with Ohio law regarding the blood draw.  Ohio law indicates that "any statutory and/or regulatory provision not specifically challenged in a motion to suppress is deemed satisfied."  *State v. Tomko,* 9th Dist. Summit No. 19253, 1999 WL 1037762, *5 (Nov. 3, 1999) (citing *State v. French*, 72 Ohio St.3d 446, 650 N.E.2d 887 (1995), at syllabus ¶1). Accordingly, the State had no reason to prove that it complied with Ohio law when drawing Petitioner's blood because Petitioner failed to raise the issues and the State was not required to prove compliance.  Even if Petitioner's counsel was ineffective in failing to file a motion to suppress, Petitioner has not provided evidence that the State did in fact fail to comply with Ohio law.  Without demonstrating that the State failed to draw his blood in the proper manner, or showing that the State was required to prove compliance with Ohio law at any point in this case, Petitioner can not successfully argue that there is a reasonable probability that the outcome of this case would have been different but for the alleged ineffective assistance of counsel.  Accordingly, Petitioner has failed to satisfy the two-prong test dictated in *Strickland*.

For the above reasons, Petitioner's first ground for relief fails on the merits.

-16-

**B.**    **Merits of Ground Two**

Petitioner's second ground for relief states:

GROUND TWO: The state appellate court decision was contrary to, and was based on an unreasonable application of, Missouri v. McNeely.

Supporting Facts: The state appellate court's decision was contrary to, and involved an unreasonable application of United States Supreme Court decision, Missouri v. McNeely, 569 U.S. ___, 133 S.Ct. 1552, 1558, 185 L.Ed.2d 693 (2013).  (See Memorandum of Law, p. 9-20) [sic]

ECF Dkt. #1 at 6.  Petitioner argues that the Ninth District Court of Appeals' decision was contrary to *Missouri v. McNeely,* 133 S.Ct. 1552, 185 L.Ed.2d 696 (2013), and that his trial counsel was ineffective for failing to challenge the result of the blood test on these grounds.  ECF Dkt. #1-1 at 10-20.

It is important to first examine *McNeely*.  In *McNeely*, the Supreme Court of the United States held that the natural metabolization of alcohol in the bloodstream does not present a *per se* exigency that justifies an exception to the Fourth Amendment's search warrant for nonconsensual blood testing in all drunk-driving cases, and instead exigency in drunk-driving cases must be determined case by case based on the totality of the circumstances.  133 S.Ct. at 1556.  In making the determination, the Supreme Court discussed *Schmerber v. California*, 384 U.S. 757 (1966), in which the Supreme Court upheld a warrantless blood test of an individual arrested for driving under the influence of alcohol because the officer might reasonably have believed that he was confronted with an emergency in which the delay to obtain a warrant, under the circumstances, threatened the destruction of evidence.

The decision in *Scmerber* applied a totality of the circumstances approach.  *McNeely*, 133 S.Ct. at 1559.  In *Schmerber*, the petitioner suffered injuries in an automobile accident and was taken to the hospital, where he was arrested for driving under the influence of alcohol and a blood test was ordered over his objection.  384 U.S. at 758-59.  The Supreme Court explained that the warrant requirement applied generally to searches that intrude into the human body, but the warrantless blood test in the case was permissible because the officer might reasonably have

-17-

believed that he was confronted with an emergency in which the delay to obtain a warrant threatened the destruction of evidence.  *Id.* at 770.  The Supreme Court recognized that the percentage of alcohol in the bloodstream begins to diminish shortly after an individual stops drinking alcohol, and stated, "particularly in a case such as this, where time had to be taken to bring the accused to a hospital and to investigate the scene of the accident, there was no time to seek out a magistrate and secure a warrant."  *Id.* at 770-71.  The Supreme Court determined that, given the specific facts, it was appropriate for police to act without a warrant, and concluded there had been no Fourth Amendment violation, strictly based on the facts of the record.  *Id.* at 771-72.

In *McNeely*, the Supreme Court indicated that the petitioner-state recognized that the reasonableness of a warrantless search under the exigency exception to the warrant requirement must be evaluated based on the totality of the circumstances, yet sought a *per se* rule for blood testing in drunk-driving cases.  *McNeely*, 133 S.Ct. at 1560.  The Supreme Court stated:

> We do not doubt that some circumstances will make obtaining a warrant impractical such that the dissipation of alcohol from the bloodstream will support an exigency justifying a properly conducted warrantless blood test.  That, however, is a reason to decide each case on its facts, as we did in *Schmerber*, not accept the "considerable overgeneralization" that a *per se* rule would reflect.

*Id.* at 1561 (internal citations omitted).  As reasons for determining that an exigency may justify a properly conducted warrantless blood test, the Supreme Court suggested delay caused by transporting a suspect to a medical facility or by contacting a magistrate judge to obtain a warrant, specifically stating, "improvements in communications technology do not guarantee that a magistrate judge will be available when an officer needs a warrant after making a late-nite arrest."  *Id.* at 1561-62.  Continuing, the Supreme Court stated, "exigent circumstances justifying a warrantless blood search may arise in the regular course of law enforcement due to delays from the warrant application process."  *Id.* at 1563.

Petitioner claims that *McNeely* conflicts and undermines the constitutionality of Ohio law, which requires all drunk-driving suspects and arrestees to submit to blood draws when requested by police under R.C. § 4511.191(A)(5)(a)-(b) and effectively overrules previous Ohio case law

-18-

regarding warrantless blood draws.  ECF Dkt. #1-1 at 10-11.  Contrary to Petitioner's argument, *McNeely* does not conflict with R.C. § 4511.191(A)(5)(a)-(b) because, under the statute, blood draws are not mandatory, but are one of several methods available to police to test the suspect for alcohol (this is true under the R.C. § 4511.191(A)(5)(a)-(b) language both before and after the September 29, 2015 revision).  *McNeely* expressly indicates that there are circumstances where it is appropriate to draw and test a suspect's blood.  There is no requirement under R.C. § 4511.191(A)(5)(a)-(b) that police draw the suspect's blood in every drunk-driving case, but rather makes blood draws available as an option and states that a law enforcement officer may "employ any reasonable means necessary to ensure that the person submits to a chemical test." In no way can this mean that police officers must draw blood in every drunk-driving case, but rather indicates that officer's may draw blood when reasonable.  Accordingly, there is no inherent conflict between R.C. § 4511.191(A)(5)(a)-(b) and *McNeely*.

Petitioner also argues that *McNeely* has effectively overruled *State v. Hoover*, 123 Ohio St.3d 418, 2009-Ohio-4993, 916 N.E.2d 1056, and *State v. Slates*, 9th Dist. Summit No. 25019, 2010-Ohio-295, but does not make it clear how he believes this effects the instant habeas petition.  Petitioner argues that *Hoover* and *Slates* unlawfully upheld the *per se* exigent circumstances rule that was rejected in *McNeely*.  Presumably, Petitioner does not think that exigent circumstances existed in his case, and believes that his blood was improperly drawn based on the now rejected *per se* exigent circumstances rule.  However, Petitioner fails to demonstrate how exigent circumstances justifying the warrantless drawing of his blood do not exist in this case.  Conversely, the instant case appears to be a type of case that the Supreme Court discussed as likely to present exigent circumstances in *McNeely* because Petitioner was arrested late in the evening and it would have been likely that no magistrate judge would have been available when the officers needed the warrant to draw Petitioner's blood.  *See McNeely*, 133 S.Ct. At 1562-63.

Petitioner argues that no exigent circumstances exist because his blood was drawn at 1:15 a.m., one and one-half hours after his 11:45 p.m. arrest.  Petitioner could additionally attempt to

argue that the fact that no alcohol containers were found in his car, and because the State's witness indicated that he did not think that Petitioner was drunk on the evening of the arrest, exigent circumstance do not exist.  However, according to witness testimony, on the night of the arrest Petitioner drove his car into a telephone pole, fell asleep in his car, drove his car away after waking and was unable to keep the car on the road.  ECF Dkt. #4-13 at 1.  Based on police testimony, on the night of his arrest Petitioner smelled of alcohol, slurred his speech, and had blood-shot eyes.  *Id.* at 2.  Further Petitioner refused to perform field sobriety tests or provide a breath sample.  *Id.*  The police officers on the scene had reason to believe that delays in the warrant application process would allow for the dissipation of the alcohol in the blood stream before a warrant could be obtained, as it was late in the evening.  The fact that the police officers drew Petitioner's blood one and one-half hours after his arrest is erroneous.  The warrantless drawing of Petitioner's blood was reasonable under the circumstances.  Petitioner fails to demonstrate how the effect of the verdict in *McNeely* would have any bearing on the Ohio case law regarding drunk-driving blood draws as they pertain to his case because he fails to show that exigent circumstances did not exist that would properly allow the arresting officers to draw blood after Petitioner's arrest.

Petitioner also argues that his trial counsel was ineffective for failing to file a motion to suppress on the basis of *McNeely* for the reasons stated above, namely that the Ninth District Court of Appeals' decision was contrary to *McNeely*, and that *McNeely* overruled Ohio case law that upheld the *per se* blood draw rule.  ECF Dkt. #1-1 at 14.  Additionally, Petitioner admits in his habeas petition that the controlling precedent at the time of his trial indicated that exigent circumstances existed *per se* for drunk-driving blood draws.  ECF Dkt. #1-1 at 10-12.  Petitioner's trial counsel can not be expected to rely on case law that was undecided during the trial.  Petitioner fails to adequately demonstrate how his trial counsel was deficient for following controlling precedent.  The undersigned notes that Petitioner's supplemental authority that was filed along with his motion for leave (ECF Dkt. #10) has been considered, but because the supplemental authority involves a case in which a motion to suppress was properly filed, it is not relevant to the instant case.  In fact, the case states:

-20-

Court have a burden-shifting procedure to govern the admissibility of alcohol-test results. The defendant must first challenge the validity of the alcohol test by way of a pretrial motion to suppress; failure to file the motion waives the requirement on the state to to lay a foundation for the admissibility of the test results.

ECF Dkt. #10 at 8. The language of the case presented in Petitioner's motion for leave, which was decided in light of *McNeely*, does not support his contentions, and in fact supports the analysis provided by the undersigned in the previous section of this report and recommendation.

**C.**    **Procedural Default of Grounds Three, Four, and Five**

Petitioner's third, fourth, and fifth grounds for relief state:

GROUND THREE: Ineffective assistance of appellate counsel for counsel's failure to raise claims under, Crawford v. Washington, 541 U.S. 36 (2004), violating the petitioner's Sixth Amendment confrontation rights.

Supporting Facts: Appellate counsel rendered ineffective assistance when counsel failed to raise trial counsel's ineffectiveness when counsel failed to object to the State's introduction of the blood test results under, Crawford v. Washington, 541 U.S. 36 (2004), violating the petitioner's Sixth Amendment confrontation rights.

GROUND FOUR: Ineffective assistance of appellate counsel for counsel's failure to raise trial counsel's ineffectiveness for failure to sever marijuana charge.

Supporting Facts: Appellate counsel rendered ineffective assistance for failing to raise trial counsel's ineffective assistance for counsel's failure to move the trial court to sever marijuana charge (See Memorandum of Law, p. 25-28). Trial counsel was also ineffective for failing to request a cautionary jury instruction.

GROUND FIVE: Appellate counsel rendered ineffective assistance of counsel when appellate counsel failed to raise a claim of error that the trial court erred when allowing the state to introduce the testimony of Steve Perch and the blood test results when the State intentionally withheld evidence from the defense in violation of the due process clause and Ohio Crim. R. 16(K).

Supporting Facts: This issue was raised in my Ohio App. R. 26(b) application to reopen direct appeal. I timely raised this claim, and timely exhausted this claim to the Ohio Supreme Court. [sic]

ECF Dkt. #1 at 4-13.

Respondent argues that Petitioner has procedurally defaulted on grounds for relief three, four, and five. ECF Dkt. #6 at 13. Petitioner filed two appeals to the Supreme Court of Ohio.

-21-

ECF Dkt. #4-14, #4-24.  The memorandum in support of Petitioner's first notice of appeal to the Supreme Court of Ohio did not contain any ineffective assistance of appellate counsel claims, and thus could not have exhausted the instant ineffective assistance of appellate counsel claims contained in Petitioner's habeas petition.  ECF Dkt. #4-15 at 10.

After the Supreme Court of Ohio declined to accept jurisdiction of his first appeal, Petitioner filed an application to reopen his direct appeal in the Ninth District Court of Appeals. ECF Dkt. #4-18.  Petitioner's application to reopen his direct appeal did raise the ineffective assistance of counsel claims found in grounds three, four, and five of Petitioner's habeas petition. *Id.*  On January 7, 2014, the Ninth District Court of Appeals denied Petitioner's application to reopen his direct appeal.  ECF Dkt. #4-21.  Petitioner then filed a motion for reconsideration on January 23, 2014.  ECF Dkt. #4-22.  The Ninth District Court of Appeals denied Petitioner's motion for reconsideration on February 26, 2014 as a successive application for reopening.  ECF Dkt. #4-23.

Petitioner filed his notice of appeal to the Supreme Court of Ohio on March 31, 2014. ECF Dkt. #4-24.  In his memorandum in support of jurisdiction, Petitioner argued that the Ninth District Court of Appeals erred in denying his application to reopen his direct appeal because all of the claims therein presented genuine issues of ineffective assistance of trial counsel.  ECF Dkt. #4-25 at 4.  Petitioner also argued that the Ninth District Court of Appeals committed a procedural error when construing his motion for reconsideration as a successive application to reopen his direct appeal.  *Id.*

In Ohio, appellants have forty-five days from the entry of judgment being appealed to file a notice of appeal.  S.Ct.Prac.R. 7.01(A)(1)(a)(i).  The Ninth District Court of Appeals denied Petitioner's application to reopen his direct appeal on January 7, 2014.  ECF Dkt. #4-21. Petitioner did not file a notice of appeal of that decision to the Supreme Court of Ohio, instead filing his notice of appeal on March 31, 2014, approximately eighty-three days after the Ninth District Court of Appeals made its decision.  ECF Dkt. #4-24.  The Ninth District Court of Appeals denied Petitioner's motion for reconsideration on February 26, 2014.  ECF Dkt. #4-23.

-22-

Petitioner timely filed his notice of appeal to the Supreme Court of Ohio as to whether the Ninth District Court of Appeals erred in denying his motion for reconsideration as a successive application to reopen.

Petitioner did not timely file his notice of appeal regarding the Ninth District Court of Appeals' denial of his application to reopen his direct appeal.  Accordingly, he lost the ability to appeal the Ninth District Court of Appeals' denial of his application to reopen his direct appeal. Petitioner's motion for reconsideration did reassert the ineffective assistance of appellate counsel claims contained in grounds three, four, and five of Petitioner's habeas petition, but Petitioner's motion for reconsideration was denied as a successive App.R. 26(B) application to reopen his direct appeal.  "There is no right to file successive applications for reopening under App.R. 26(B)."  *State v. Twyford*, 106 Ohio St.3d 176, 2005-Ohio-4380, 833 N.E.2d 289, ¶6 (quoting *State v. Williams*, 99 Ohio St.3d 179, 2003-Ohio-3079, 79- N.E.2d 299, ¶12).  *Res judicata* bars the relitigation of an application to reopen.  *Id.*  Only Petitioner's application to reopen his direct appeal was properly filed, and Petitioner failed to file a timely notice of appeal to the Supreme Court of Ohio.  The Ninth District Court of Appeals found Petitioner's motion for reconsideration to be a successive application to reopen.  The Supreme Court of Ohio declined jurisdiction.

Petitioner contends that he did not file two applications for reopening under App.R. 26(B), but rather filed one application for reopening and one application for reconsideration under App.R. 26(A)(1)(a).  ECF Dkt. #8 at 3-4.  Even if Petitioner is correct in asserting that he was able to file both a App.R. 26(B) application and a App.R. 26(A)(1)(a) application, his claims are still barred by *res judicata*.  "The principles of *res judicata* may be applied to bar the further litigation in a criminal case of issues which were raised previously or could have been raised previously in an appeal*."  State v. Mosley*, 2005-Ohio-4137, ¶6 (citing *State v. Perry*, 10 Ohio St.2d 175, 22d N.E.2d 104 (1967)).  The issue of whether appellate counsel provided effective assistance of counsel must be raised to the Supreme Court of Ohio at the earliest opportunity to do so.  *Mosley*, 2005-Ohio-4137, ¶7 (citing *State v. Williams*, 74 Ohio St.3d 454, 659 N.E.2d 1253 (1996)).

-23-

Petitioner's earliest opportunity to file an appeal regarding his ineffective assistance of counsel claims was January 7, 2014, the date on which the Ninth District Court of Appeals denied his motion to reopen direct appeal. ECF Dkt. #4-18. Petitioner declined to appeal this decision to the Supreme Court of Ohio, instead choosing to file a motion for reconsideration, and allowing the lapse of the forty-five day period in which Petitioner could timely file an appeal. Petitioner failed to timely file an appeal after the decision regarding his application to reopen his direct appeal.

Petitioner cites *State v. Draughon,* 10th Dist. Franklin No. 05AP-860, 2006-Ohio- 2445, and *Beechler v. Timmerman-Cooper*, No. 2:11-CV-696, 2012 WL 524440 (S.D. Ohio Feb. 16, 2012), in support of his contention that he has a right to file both an application to reopen and a motion for reconsideration. However, *Draughon* does not support Petitioner's contention because the petitioner in the case did not try to file both an application to reopen and an application for reconsideration. *Beechler* does not support Petitioner's contention because the appellate court did not say that the petitioner had a right to file both types of applications, denied both applications (although it is unclear why the appellate court denied both applications), and the Supreme Court of Ohio did not accept the petitioner's appeal. *Beechler*, 2012 WL 524440, at *4.

Further, the four prong test articulated in *Maupin* has been satisfied. *Maupin*, 785 F.2d at 135. Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford*, 498 U.S. at 423-24. The Supreme Court of Ohio's Rules of Practice explicitly provide forty-five days to perfect a jurisdictional appeal from a court of appeals to the Supreme Court of Ohio. S.Ct.Prac.R. 7.01(A)(1)(a)(i). As discussed above, Petitioner failed to timely perfect his appeal. Accordingly, the first prong of *Maupin* has been satisfied.

Under the second prong of *Maupin*, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman,* 501 U.S. at 729-30; *Richey v. Mitchell*, 395 F.3d 660 at 678

-24-

(2005) (holding that "a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (holding that if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (holding that even if the issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises). In the instant case, the neither the Ninth District Court of Appeals nor the Supreme Court of Ohio overlooked Petitioner's failure to timely appeal and decided the case anyway, and thus the second prong is satisfied.

According to the third prong of *Maupin*, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson v. Kapture*, 384 F.3d 310, 313-14 (6th Cir. 2004). The third prong is satisfied because the Ninth District Court of Appeals denied Petitioner's motion for reconsideration as successive without addressing the merits, and the Supreme Court of Ohio declined jurisdiction.

Under the fourth prong of *Maupin*, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby*, 741 F.2d at 244. If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986). Petitioner makes no argument claiming that he had a legitimate excuse for the default, and, likewise, does not allege that the procedural default of his third, fourth, and fifth grounds for relief will result in a miscarriage of justice. Rather, Petitioner argues that the procedural default analysis is not proper based on the factual circumstances of his case. However, as discussed above, a procedural default analysis is proper in the instant case. Accordingly, the four prongs of *Maupin* have been satisfied.

For the above stated reasons, Petitioner has procedurally defaulted on his third, fourth, and fifth grounds for relief.  Alternatively, grounds for relief three, four, and five are meritless, as discussed below.

**D.**    **Merits of Ground Three**

Petitioner's third ground for relief states:

> GROUND THREE: Ineffective assistance of appellate counsel for counsel's failure to raise claims under, Crawford v. Washington, 541 U.S. 36 (2004), violating the petitioner's Sixth Amendment confrontation rights.
>
> Supporting Facts: Appellate counsel rendered ineffective assistance when counsel failed to raise trial counsel's ineffectiveness when counsel failed to object to the State's introduction of the blood test results under, Crawford v. Washington, 541 U.S. 36 (2004), violating the petitioner's Sixth Amendment confrontation rights. [sic]

ECF Dkt. #1 at 6.

Petitioner argues that the State failed to lay a proper foundation for the introduction of his blood test results because the State did not present the testimony of the nurse who administered the blood draw.  ECF Dkt. #1-1 at 20.  Petitioner contends that he was denied his Sixth Amendment right to confrontation because he was prevented from challenging the credibility of his blood test results to establish whether the nurse used non-alcoholic antiseptic and anticoagulant inside the vacuum containers, and that his counsel was ineffective for failing to object to the State's introduction of the blood test results.  *Id.* at 21.

Petitioner's argument fails.  First, as mentioned above, Petitioner failed to file a motion to suppress, and Ohio law indicates that "any statutory and/or regulatory provision not specifically challenged in a motion to suppress is deemed satisfied."  *State v. Tomko,* 9th Dist. Summit No. 19253, 1999 WL 1037762, *5 (Nov. 3, 1999) (citing *State v. French*, 72 Ohio St.3d 446, 650 N.E.2d 887 (1995).  Accordingly, the State was not required to provide the testimony of the nurse who administered the blood draw to show that the nurse used non-alcoholic antiseptic and anticoagulant inside the vacuum containers.  Second, Petitioner does not indicate that the State attempted to admit any testimony of the nurse who administered the blood draw, but instead

-26-

admits that the state did not attempt to admit the testimony of the nurse. ECF Dkt. #1-1 at 22. Rather, the State introduced the testimony of a police officer and an expert named Steve Perch. Petitioner does not argue that he was not granted the opportunity to confront the police officer or Mr. Perch. The case cited by Petitioner in support of his position is *Crawford v. Washington,* 541 U.S. 36 (2004). However, *Crawford* indicates that out-of-court statements by witnesses that are testimonial are barred by the Confrontation Clause unless the witnesses are unavailable and defendants had prior opportunity to cross-examine witnesses. *Id.* Here, Petitioner does not allege that the nurse who drew his blood offered any out-of-court statements that were testimonial. Petitioner fails to explain how his right to confront the nurse who drew his blood was violated when the State did not call the nurse to provide any testimony.

Since Petitioner's arguments are without merit, his ineffective assistance of counsel claim must fail under the first prong of *Strickland* because his counsel did not perform deficiently. Additionally, the second prong of *Strickland* is not satisfied because Petitioner has failed to show that the nurse who administered the blood draw failed to comply with Ohio law, and thus cannot show that his counsel's performance prejudiced his defense.

Accordingly, Petitioner's third ground for relief fails on the merits in addition to being procedurally defaulted.

## E.      Merits of Ground Four

In his fourth ground for relief, Petitioner states:

GROUND FOUR: Ineffective assistance of appellate counsel for counsel's failure to raise trial counsel's ineffectiveness for failure to sever marijuana charge.

Supporting Facts: Appellate counsel rendered ineffective assistance for failing to raise trial counsel's ineffective assistance for counsel's failure to move the trial court to sever marijuana charge (See Memorandum of Law, p. 25-28). Trial counsel was also ineffective for failing to request a cautionary jury instruction.

ECF Dkt. #1 at 9.

Petitioner cites the test from *State v. Schaim,* 65 Ohio St.3d 51, 600 N.E.2d 661 (1992),

-27-

indicating what a court must determine when deciding whether a petitioner was prejudiced by the joinder of multiple offenses.  ECF Dkt. #1-1 at 26.  However, there is a larger framework detailed in *Schaim* that Plaintiff fails to address:

> To prevail on his claim that the trial court erred in denying his motion to sever, the defendant has the burden of demonstrating three facts.  He must affirmatively demonstrate (1) that his rights were prejudiced, (2) that at the time of the motion to sever he provided the trial court with sufficient information so that it could weigh the considerations favoring joinder against the defendant's right to a fair trial, and (3) that given the information provided to the court, it abused its discretion in refusing to separate the charges for trial.

*Id.* at 59 (citing *State v. Torres,* 66 Ohio St.2d 340, 421 N.E.2d 1288 (1981)).  Petitioner focuses on the first prong of the analysis.  The entirety of the analysis is not proper because the analysis presumes that a trial court denied a motion to sever.  In the instant case, no motion to sever was filed.  The first prong of the analysis requires a determination as to whether Petitioner's rights were prejudiced.  This approach effectively requires the same prejudice determination required under *Strickland*, and there is no need to determine whether Plaintiff's Sixth Amendment rights were prejudiced under two separate analyses.

To reiterate, *Strickland* fashioned a two-prong test that a defendant must satisfy to establish a Sixth Amendment violation: (1) "the defendant must show that his counsel's performance was deficient," and (2) "the defendant must show that the deficient performance prejudiced the defense.  To establish deficient performance under the first prong, the defendant is required to show that his "counsel's representation fell below an objective standard of reasonableness."  *Id.* at 668.

Ohio Crim. R. 8(A) indicates that two or more offenses may be charged in the same indictment, information, or complaint in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are based on the same act or transaction.  The possession of marijuana charge arose out of the same acts for which Petitioner was convicted at trial.  All of the charges were the result of the same arrest.  Further, Petitioner fails to demonstrate how he was actually prejudiced by the marijuana charge being included at his trial,

-28-

instead making blanket allegations that he was prejudiced and stating that prejudice must be determined under *Strickland* based on a totality of counsel's errors. Petitioner's other allegations of error are meritless, as discussed above, and thus, even if the Court accepted that counsel was ineffective as to Petitioner's fourth ground for relief, there is no need to consider the compounding of multiple errors.  ECF Dkt. #1-1 at 26-28.  Petitioner has failed to show how prejudice arose during his trial based on the marijuana charge not being severed, and thus Petitioner's appellate counsel was not ineffective for failing to raise the claim that Petitioner's trial counsel was ineffective.  Since Petitioner failed to show that his defense was prejudiced, he cannot satisfy the second prong of the *Strickland* analysis.

Accordingly, Petitioner's fourth ground for relief is meritless.

**F.**     **Merits of Ground Five**

Petitioner's fifth ground for relief states:

GROUND FIVE: Appellate counsel rendered ineffective assistance of counsel when appellate counsel failed to raise a claim of error that the trial court erred when allowing the state to introduce the testimony of Steve Perch and the blood test results when the State intentionally withheld evidence from the defense in violation of the due process clause and Ohio Crim. R. 16(K).

Supporting Facts: This issue was raised in my Ohio App. R. 26(b) application to reopen direct appeal.  I timely raised this claim, and timely exhausted this claim to the Ohio Supreme Court.  [sic]

ECF Dkt. #1 at 13.  The admission of the blood test results has already been discussed above, so the relevant issue in Petitioner's fifth ground for relief is the expert testimony of Steve Perch.

Petitioner asserts that trial counsel requested a report summarizing Mr. Perch's testimony pursuant to Crim. R. 16(K), but was never provided a report.  ECF Dkt. #1-1 at 29.  Under Crim R. 16(K), a written report summarizing expert testimony must be provided no later than twenty-one days prior to trial.  At trial, Petitioner's counsel objected to the State's introduction of Mr. Perch's testimony, and the trial court overruled the objections.  *Id.*  Petitioner states that trial counsel was not provided a copy of the report until the day of trial, and trial counsel objected to the report because it did not include a summary of the experts qualifications and did not provide a

-29-

summary of the expert's testimony, findings, analysis, conclusions, or opinion.  *Id.* at 30.  Trial counsel did not file a motion to suppress, and the Ninth District Court of Appeals noted that Mr. Perch was subject to extensive questioning on cross examination when finding that Petitioner did not suffer prejudice as a result of allowing Mr. Perch to testify.  *Id.*

Petitioner fails to explain how he was prejudiced by allowing Mr. Perch to testify.  Although Petitioner was not provided with a copy of the written report twenty-one days prior to trial, Petitioner was eventually provided a copy of the written report and allowed to extensively question Mr. Perch at trial.  Petitioner does not point to any specific way in which he was prejudiced beyond indicating that Respondent did not properly make all discovery disclosures.  Since Petitioner fails to demonstrate how he was prejudiced at trial by the trial court allowing Mr. Perch to testify, Petitioner's appellate counsel could not have prevailed by alleging that the trial court erred when allowing the state to introduce the testimony.  Accordingly, Petitioner has failed to satisfy either prong of the *Strickland* analysis.

For the above reasons, Petitioner's fifth ground for relief is meritless.

## VII.    CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS Petitioner's petition for a writ of habeas corpus (ECF Dkt.#1) in its entirety with prejudice because grounds for relief one and two are meritless and grounds for relief three, four, and five are procedurally defaulted, or, alternatively, because all of Petitioner's grounds for relief are without merit.

Date:  October 23, 2015                                                   */s/ George J. Limbert*
                                                                          GEORGE J. LIMBERT
                                                                          U.S. MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).