UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

GEORGE T. GREER,  :  CASE NO. 14-CV-1975

      Petitioner,  :

vs.  :  OPINION AND ORDER
                                 :  [Resolving Docs. 21, 23]

MAGGIE BRADSHAW,  :

      Respondent.  :

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On September 2, 2014, Petitioner George T. Greer sought habeas relief under 28 U.S.C. § 2254, in part based on an allegedly unconstitutional alcohol blood test.[1] Petitioner now moves to stay his petition, pending the outcome of a Supreme Court case that challenges statutes which criminalize refusing to submit to an alcohol blood test. However, Petitioner was not subject to the type of criminal statute at issue in the Supreme Court's pending litigation. The Court finds that the pending case will not affect Petitioner's habeas petition and **DENIES** the motion to stay.

**I. Background**

On September 2, 2014, Petitioner George T. Greer sought habeas relief under 28 U.S.C. § 2254. On November 25, 2014, Respondent Maggie Bradshaw filed a return of writ.[2] On December 29, 2014, Petitioner Greer filed a traverse to the return of writ.[3]

Petitioner's underlying conviction is, in part, for operating a motor vehicle under the influence of alcohol ("OVI") in violation of Ohio Rev. Code. § 4511.19(A)(1)(a). During his

---

    [1] Doc. 1.
    [2] Doc. 6. Maggie Bradshaw is the Warden of Richland Correctional Institution.
    [3] Doc. 8.

Case No. 14-cv-1975
Gwin, J.

2012 arrest, Petitioner was subject to an alcohol blood test under Ohio Rev. Code § 4511.191(A)(5).  Under this provision, if a law enforcement officer arrests somebody for OVI, and that person has two previous OVI convictions, "the law enforcement officer shall request the person to submit, and the person shall submit, to a chemical test or tests" for blood alcohol levels.[4]  If a person does not submit to the blood test, an officer may "employ whatever reasonable means necessary to ensure that the person submits to a chemical test."[5]  There is no criminal penalty for non-compliance.

Petitioner's conviction was based, in part, on blood drawn under this statute.  After his 2012 conviction, the United States Supreme Court addressed the constitutionality of alcohol blood tests in *Missouri v. McNeely*.[6]  In particular, the Supreme Court concluded that a warrantless blood draw was not available, *per se*, under the exigency exception to the Fourth Amendment's prohibition on warrantless searches and seizures.  Instead, a warrantless blood draw would only be available after analysis of the totality of the circumstances.

Petitioner moved for leave to supplement his habeas petition with *McNeely* and other recent state court cases on the propriety of the alcohol blood test.[7]  Respondent Bradshaw opposed.[8]  Magistrate Judge Limbert granted the motion.

---

[4] Ohio Rev. Code § 4511.191(A)(5).
[5] *Id.*
[6] ___ U.S. ___, 133 S. Ct. 1552 (2013).
[7] Doc. 10.  At least one Ohio criminal law treatise has indicated that required blood tests under Ohio Rev. Code § 4511.191(A)(5) may be subject to challenge in light of *McNeely*.  Baldwin's Ohio Driving Under Influence Law § 6:5 (2015) (In 2011, Ohio courts upheld the constitutionality of the mandatory blood test law in *State v. Slates*. However, *McNeely* "certainly calls the reasoning and conclusion of *Slates* into serious doubt."); *Id.* at § 9:73 ("Current statutory provisions require offenders charged with operating a vehicle or watercraft under the influence, and who have two prior applicable convictions, to submit on request to a chemical test . . . .  This section will likely see challenges under *Missouri v. McNeely*.").
[8] Doc. 14.  Petitioner filed a reply.  Doc. 16.

-2-

Case No. 14-cv-1975
Gwin, J.

Magistrate Judge Limbert issued his Report and Recommendation, including discussion of *McNeely*.[9] The R&R recommends denying Greer's petition in its entirety with prejudice.[10] Petitioner Greer objected.[11] The R&R is currently pending review by this Court.

This term, the Supreme Court heard argument in *Birchfield* — three consolidated cases that address the question of whether a state may criminalize failure to submit to a blood alcohol test in light of *McNeely*.[12] Petitioner moved to stay this Court's review of the R&R, pending a decision from the Supreme Court in *Birchfield*.[13] Respondent Bradshaw objects.[14]

## II. Legal Standard

It is well established that it is within the discretion of a federal court to stay an action, incidental to its power to control its docket.[15]

The proponent of a motion to stay has the burden to show "a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else."[16]

---

[9] Doc. 18.
[10] *Id.*
[11] Doc. 20.
[12] *Danny Birchfield v. North Dakota*, No. 14-1468, *Beylund v. North Dakota*, No. 14-1507, *Bernard v. Minnesota*, No. 14-1470.
[13] Doc. 21.
[14] Doc. 22.
[15] *See* Landis v. North American Co., 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").
[16] *O*hio Env't Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div., 565 F.2d 393, 396 (6th Cir. 1977).

Case No. 14-cv-1975
Gwin, J.

### III. Analysis

Petitioner Greer has not shown that this Court should stay his § 2254 petition. *Birchfield* will address the narrow question of whether a State can criminalize failure to submit to a blood test. Ohio's statute does not criminalize failure to submit to a blood test. And Greer was not convicted of such a crime.

*McNeely* raises questions — discussed in the R&R and Petitioner's objections thereto — about the constitutionality of Ohio's blood draw statute. But *Birchfield* and the two other consolidated cases are not poised to add anything further to the discussion of Greer's ineffective assistance of counsel claim, or his allegation that the state court appellate decision was contrary to *McNeely*.

The Court **DENIES** Petitioner's motion to stay.[17]

IT IS SO ORDERED.

Dated: June 14, 2016              *s/         James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE

---

[17] As the Court has denied the motion to stay, the Court also denies as moot Petitioner's pending motion for an extension to file a reply brief. Doc. 23. Petitioner filed a reply brief even though the Court did not grant Petitioner's motion for extended time. Doc. 24. Petitioner's arguments in his reply do not alter the Court's analysis.

-4-