UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                :
GEORGE T. GREER,                                :              CASE NO. 14-CV-1975
                                                :
           Petitioner,                          :
                                                :
vs.                                             :              OPINION AND ORDER
                                                :              [Resolving Doc. 1]
MAGGIE BRADSHAW,                                 :
                                                :
           Respondent.                          :
                                                :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On September 2, 2014, Petitioner George T. Greer sought habeas relief under 28 U.S.C. § 2254.  On November 25, 2014, Respondent Maggie Bradshaw filed a return of writ.[1]  On December 29, 2014, Petitioner Greer filed a traverse to the return of writ.[2]

Magistrate Judge Limbert issued his Report and Recommendation, recommending that this court deny Greer's petition in its entirety.[3]  In particular, Judge Limbert found that Greer's first and second grounds for relief should be denied and found that Greer's third, fourth, and fifth grounds for relief were procedurally barred.[4]  Petitioner Greer objected.[5]

For the following reasons, this Court **OVERRULES** Petitioner Greer's objections, and **ADOPTS** Magistrate Judge Limbert's Report and Recommendation consistent with this opinion. The Court **DISMISSES** Petitioner Greer's § 2254 habeas petition.

---

[1] Doc. 6.  Maggie Bradshaw is the Warden of Richland Correctional Institution.
[2] Doc. 8.
[3] Doc. 18.
[4] *Id.*
[5] Doc. 20.

Case No. 14-cv-1975
Gwin, J.

# I. Background

Petitioner seeks relief from his Ohio criminal convictions arising from an episode of

drunk driving.  As set forth by the Ohio Ninth District Court of Appeals, the facts are as follows.

> On January 2, 2012, Greer was found by a passerby, slumped over the steering
> wheel of his car.  His car had been in a collision, was still running.  It appeared
> that Greer had struck a telephone pole. The passerby called 911 but before the
> police arrived, Greer awoke, drove his car down the street, and pulled into a
> church parking lot.
>
> The passerby testified that Greer was unable to keep the car straight on the
> roadway as he drove down the street to the parking lot and that he did a
> "doughnut" in the parking lot before ultimately parking his car in the back of the
> lot. The police and EMS arrived on scene as Greer was walking away from his
> vehicle.
>
> Officer Daniel Gump and Officer David Crockett testified that Greer smelled of
> alcohol and had slurred speech and blood shot eyes. Greer refused medical
> treatment, to perform field sobriety tests, or to provide a breath sample. Officer
> Gump placed Greer under arrest, and, after it was determined the he had prior
> convictions for driving under the influence, he was transported to the hospital for
> a mandatory blood draw.[6]

On April 10, 2012, Petitioner pleaded guilty to one count of possession of marijuana, in

violation of Ohio Rev. Code § 2925.11(A)(C)(3), and one count of failure to control, in violation

of Ohio Rev. Code § 4511.202.[7]  On April 3, 2012, Petitioner was found guilty by a jury of

operating a motor vehicle under the influence of alcohol ("OVI"), in violation of Ohio Rev. Code

§ 4511.19(A)(1)(a); driving under suspension, in violation of Ohio Rev. Code § 4510.11; and

OVI with a blood alcohol content of .17 or more, in violation of Ohio Rev. Code

§ 4511.19(A)(1)(f).[8]

---

[6] Doc. 4-13 at 1-2.
[7] Doc. 4-6.
[8] Doc. 4-7.

Case No. 14-cv-1975
Gwin, J.

At Petitioner's trial, the jury heard testimony from the passerby, Officers Gump and Crockett who were on the scene, and the toxicologist, Steve Perch who ran Greer's alcohol blood sample.

Since Petitioner had earlier suffered five or more OVI offenses within the past twenty years, the two-OVI related counts carried a mandatory prison specification.[9]  Petitioner was sentenced to an aggregate ten years in prison.[10]

Petitioner sought relief from his conviction.

One June 1, 2012, Petitioner filed a timely notice of appeal to the Ninth District Court of Appeals.[11] On September 30, 2013, the Ninth District Court of Appeals overruled all of Petitioner's assignments of error.[12]

On October 15, 2013, Petitioner timely filed a notice of appeal to the Supreme Court of Ohio.[13]  On December 24, 2013, the Supreme Court of Ohio declined to accept jurisdiction of Petitioner's appeal.[14]

On January 7, 2014, the Ninth District Court of Appeals also denied Petitioner's motion to re-open his direct appeal.[15]  On January 23, 2014, Petitioner filed a motion for reconsideration of this decision.[16]  On February 26, 2014, the Ninth District Court of Appeals denied his motion for reconsideration, construing the motion as an improper successive petition to re-open.[17]

---

[9] Doc. 18 at 2.
[10] Doc. 1-1 at 2.
[11] Doc. 4-8.
[12] Doc. 4-13.
[13] Doc. 4-14.
[14] Doc. 4-17.
[15] Doc. 4-21.
[16] Doc. 4-22.
[17] Doc. 4-23.

-3-

Case No. 14-cv-1975
Gwin, J.

On March 31, 2014, Petitioner filed a notice of appeal to the Supreme Court of Ohio.[18]

His notice stated that he was appealing the February 26, 2014 denial of the motion for

reconsideration.[19]  However, the substance of his appeal related to the claims raised in his motion

to re-open his direct appeal.[20]  On May 28, 2014, the Ohio Supreme Court declined jurisdiction

of Petitioner's appeal.[21]

On September 2, 2014, Petitioner filed the instant petition for a writ of federal habeas

corpus.[22] In the habeas petition, Petitioner raises the following grounds for relief:

GROUND ONE: Ineffective assistance of trial counsel when counsel failed to file
a motion to suppress the blood test results.

GROUND TWO: The state appellate court decision was contrary to, and was
based on an unreasonable application of, Missouri v. McNeely [569 U.S. ___, 133
S.Ct. 1552, 1558, 185 L.Ed.2d 693 (2013).]

GROUND THREE: Ineffective assistance of appellate counsel for counsel's
failure to raise claims under, Crawford v. Washington, 541 U.S. 36 (2004),
violating the petitioner's Sixth Amendment confrontation rights.

GROUND FOUR: Ineffective assistance of appellate counsel for counsel's failure
to raise trial counsel's ineffectiveness for failure to sever marijuana charge.

GROUND FIVE: Appellate counsel rendered ineffective assistance of counsel
when appellate counsel failed to raise a claim of error that the trial court erred
when allowing the state to introduce the testimony of Steve Perch and the blood
test results when the State intentionally withheld evidence from the defense in
violation of the due process clause and Ohio Crim. R. 16(K)[23]

On October 23, 2015, Magistrate Judge Limbert filed the Report and Recommendation

(R&R).[24]  The Report and Recommendation found that Petitioner's first two claims failed on the

---

[18] Doc. 4-24.
[19] Id.
[20] See Doc. 4-25; Doc. 4-21.
[21] Doc. 4-27.
[22] Doc. 1-1.
[23] Id.
[24] Doc. 18.

Case No. 14-cv-1975
Gwin, J.

merits, and that his third, fourth, and fifth grounds for relief were procedurally defaulted.

Petitioner objected to the Report and Recommendation and moved to stay his case pending a

United States Supreme Court case that ostensibly related to his first and second grounds for

relief.[25] This Court denied Petitioner's motion to stay, noting that the pending case at the

Supreme Court is unrelated.[26]  Petitioner's Section 2254 petition is now ripe for rule.

## II. Legal Standard: Procedural Bars

The Federal Magistrates Act requires a district court to conduct a de novo review of those

portions of the R&R to which the parties have properly objected.[27] A district court may adopt

without review parts of the R&R to which no party has objected.[28]  The Antiterrorism and

Effective Death Penalty Act of 1996 (AEDPA) controls the review of state court proceedings

under Section 2254.[29]

As a general rule, a habeas petitioner must exhaust all possible state remedies or have no

remaining state remedies before a federal court will review a petition for habeas corpus.[30]  In

order to have fairly presented the substance of each of his federal constitutional claims to the

state courts, the petitioner must have given the highest court in the state in which he was

convicted a full and fair opportunity to rule on his claims.[31]

If the highest state court has had the opportunity to hear the claims on the merits, the

petitioner is said to have exhausted state remedies, and his habeas claim on the same issues may

be heard by a federal court.  Alternatively, if highest state court did not have the opportunity to

---

[25] Doc. 20; Doc. 21.
[26] Doc. 25.
[27] 28 U.S.C. § 636(b)(1).
[28] *Thomas v. Arn*, 474 U.S. 140, 149 (1985).
[29] 28 U.S.C. § 2241 *et seq.*
[30] 28 U.S.C. § 2254(b)-(c); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004).
[31] *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

Case No. 14-cv-1975
Gwin, J.

hear the claim because the petitioner was barred by an "independent and adequate" state procedural rule, his claims are procedurally barred, and may not be heard by a federal court.[32]

### III. Discussion: Procedural Bar

Petitioner Greer's first ground for relief alleges ineffective assistance of counsel based on counsel's failure to suppress the blood alcohol test results.[33] His second ground for relief argues that Ohio's statute approving blood testing is unconstitutional in light of a Supreme Court case decided after his conviction.[34]

The Report and Recommendation concludes that Greer's first two claims are not procedurally defaulted. Greer appealed the substance of his first two claims to the Ohio Supreme Court on October 15, 2013.[35] The Ohio Supreme Court declined jurisdiction without invoking a procedural bar. The Court addresses the merits of Greer's first and second claims below.

In contrast, the Report and Recommendation concluded that Greer had procedurally defaulted on his latter three grounds for relief:

GROUND THREE: Ineffective assistance of appellate counsel for counsel's failure to raise claims under, Crawford v. Washington, 541 U.S. 36 (2004), violating the petitioner's Sixth Amendment confrontation rights.

GROUND FOUR: Ineffective assistance of appellate counsel for counsel's failure to raise trial counsel's ineffectiveness for failure to sever marijuana charge.

GROUND FIVE: Appellate counsel rendered ineffective assistance of counsel when appellate counsel failed to raise a claim of error that the trial court erred when allowing the state to introduce the testimony of Steve Perch and the blood test results when the State intentionally withheld evidence from the defense in violation of the due process clause and Ohio Crim. R. 16(K).

---

[32] *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).
[33] Doc. 1-1 at 5.
[34] *Id.* at 9.
[35] Doc. 4-14.

Case No. 14-cv-1975
Gwin, J.

The Report and Recommendation correctly points out that these issues were not raised in the first appeal to the Ohio Supreme Court.[36]  Instead, Petitioner raised these three issues in his application to re-open his direct appeal.[37]  For these three claims to be viable, Petitioner must have exhausted his state remedies.

On January 7, 2014, the Ninth District Court of Appeals denied Petitioner's motion to re-open his direct appeal.[38]  On February 26, 2014, the Ninth District Court of Appeals denied petitioner's motion for reconsideration of the denial, calling it an improper successive petition to re-open.[39]

On March 31, 2014, Petitioner filed his notice of appeal to the Supreme Court.[40]  The substance of his appeal related, in part, to the claims raised in his motion to re-open his direct appeal.[41]  However, his notice states that he was appealing the February 26, 2014 denial of the motion for reconsideration.[42]  On May 28, 2014, the Supreme Court of Ohio declined jurisdiction

---

[36] Doc. 18 at 21-24.
[37] Doc. 4-18.
[38] Doc. 4-21.
[39] Doc. 4-23.
[40] Doc. 4-24.
[41] Doc. 4-25.  Under propositions of law in Greer's memorandum in support of jurisdiction to the Ohio Supreme Court, he wrote, "Appellate counsel rendered ineffective assistance of counsel in violation of the due process clause of the Fourteenth Amendment, and the Sixth Amendment to the United States Constitution when counsel failed to raise a claim of error that the trial court erred in allowing the state to introduce the testimony of Steve Pearch [sic] and the blood test results when the state intentionally withheld evidence and violated the Ohio Crim. Rule 16(K), and the Due Process Clause. . . . Appellate counsel rendered ineffective assistance of counsel in violation of the due process clause of the Fourteenth Amendment, and the Sixth Amendment to the United States Constitution when counsel failed to raise a claim of error that trial counsel rendered ineffective assistance when counsel failed to object to the states' introduction of the blood test resaults [sic] under, *Crawford v. Washington*, 541 U.S. 36, 68 (2004) . . . . Appellate counsel rendered ineffective assistance of counsel in violation of the Due Process Clause of the Fourteenth Amendment, and the Sixth Amendment to the United States Constitution when counsel failed to raise a claim of error that the trial counsel rendered ineffective assistance when counsel failed to move to sever the possession of marijuana charge under Count I." *Id.* at 5-6.  These claims mirror the three claims Greer raises in his third, fourth, and fifth grounds for relief.  Doc. 1-1.
[42] *Id.*

-7-

Case No. 14-cv-1975
Gwin, J.

of Petitioner's appeal of the February 26, 2014 order.  Petitioner never appealed the January 7,

2014 decision.

Greer did not give the Ohio Supreme Court a full or fair opportunity to rule on the Ninth

District Court of Appeals' January 7, 2014 decision.[43]  He never appealed the January 7, 2014

decision.  Merely including some of the substance of that opinion in his appeal of another order

does not exhaust Greer's state remedies.[44]

As a result, Greer's failed to exhaust state remedies on his third, fourth, and fifth grounds.

These grounds are now procedurally barred under Ohio's *res judicata* rule.  Nevertheless, the

Court reviews the merits of all three grounds.  As explained below, even if the grounds were not

procedurally barred, each would lose.


### IV. Legal Standard: Merits of § 2254 Petition

The AEDPA also provides the standard of review on the merits of a petition for a writ of

habeas corpus.  Under § 2254, a petitioner is entitled to relief if he is held in custody in violation

of the United States Constitution or laws or treaties of the United States.[45]  A petition is entitled

to relief if his state decision was "contrary to" or involved an "unreasonable application" of

clearly established federal law.[46]

---

[43] *Carter v. Mitchell*, 693 F.3d 555, 565 (2012) ("Because [Petitioner] did not appeal the denial of his initial Rule 26(B) application, he did not give the Ohio Supreme Court a full or fair opportunity to rule on it. Therefore, the district court correctly concluded that [Petitioner's] fiftieth ground for relief based on ineffective assistance of counsel is procedurally defaulted.") (internal citations omitted).

[44] Greer's March 31, 2014 appeal could not have been an appeal of the January 7, 2014 opinion.  In Ohio, appellants have forty-five days from the entry of judgment being appealed to file a notice of appeal.  S. Ct. Prac. R. 7.01(A)(1)(a)(i). Greer's March 31, 2014 notice of appeal was outside of the forty-five day window for appealing the motion to re-open.  Indeed, because Greer's motion for reconsideration was denied as an improper successive petition to re-open, the motion for reconsideration did not toll the forty-five day period as a true motion for reconsideration would have.  Petitioners cannot timely appeal one order to get around the time for appeal that has already lapsed on an earlier order.

[45] 28 U.S.C. § 2254(d).

[46] *Id.*

-8-

Case No. 14-cv-1975
Gwin, J.

The Supreme Court has explained that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable."[47]  The Court went on to say that "a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."[48]

To prevail on a claim for constitutionally-defective ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-pronged *Strickland v. Washington* test.[49]

First, the petitioner must show that his counsel's performance was deficient, meaning it "fell below an objective standard of reasonableness."[50] The Court determines "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."[51] The Court's review is deferential, as "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."[52]

Second, the petitioner must show that the deficiency prejudiced his defense; in other words, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[53]

---

[47] *Williams & Taylor*, 529 U.S. 362, 412-13 (2000).
[48] *Id.*
[49] 466 U.S. 668 (1984).

[50] *Id.* at 688.
[51] *Id.* at 690.
[52] *Id.* at 690-91.
[53] *Id.* at 695.

Case No. 14-cv-1975
Gwin, J.

## IV. Discussion: Merits of Greer's § 2254 Petition

The Court addresses each of Petitioner's five grounds for relief in turn.

### A.  Merits of Ground One

In his first ground for relief, Petitioner Greer writes that he received ineffective assistance of trial counsel, "when counsel failed to file a motion to suppress the blood test results."[54]

In particular, Greer argues that there were grounds for a motion to suppress based on two alleged violations of Ohio Administrative Code § 3701-53-05, which governs the procedures required for a blood draw.  First, Greer writes that there was no evidence that the nurse drawing his blood used the proper, non-alcohol antiseptic solution prior to drawing the blood.[55]

Second, he writes that there is no evidence that the vial used to collect his blood sample contained a solid anticoagulant.[56]  To bolster this claim, Greer points to the testimony of Officer Daniel Gump, who said on direct examination that he handed "empty" vials to the nurse for the nurse to draw Greer's blood.[57]  Because the vials were empty, Greer continues, there is affirmative evidence that there was no anticoagulant.

Greer's counsel never moved to suppress the blood test results based on these alleged violations of § 3701-53-05.  However, the state is only required to show substantial compliance with § 3701-53-05 after a motion to suppress is filed.  "Any statutory and/or regulatory provision not specifically challenged in a motion to suppress is deemed satisfied."[58]  As a result, although Greer argues that counsel should have challenged the test results because there is no evidence of

---

[54] Doc. 1-1 at 5.
[55] *Id.* at 7.
[56] *Id.*
[57] Doc. 20 at 2-7.  Doc. 6-2 at 207-08.
[58] *State v. Tomko*, No. 19253, 1999 WL 1037762, *5 (Ohio Ct. App. Nov. 3, 1999) (citing *State v. French*, 650 N.E.2d 887 (Ohio 1995)).

-10-

Case No. 14-cv-1975
Gwin, J.

compliance, "the reason there is no evidence of compliance is because counsel did not file a

motion to suppress."[59]

      This catch-22 does not rise to the level of ineffective assistance of counsel.  The Report

and Recommendation is correct that the failure to suppress may well have been trial strategy.

More importantly, the Report and Recommendation is correct that Petitioner cannot successfully

meet the second prong of the *Stickland* test.  There is no evidence of a "reasonable probability"

that the outcome of the case would have been different if trial counsel had moved to suppress.

There is no indication that a proper antiseptic was not used.  And there is no indication that the

vials did not have a solid anti-coagulant.  Officer Gump's testimony that the vials were "empty"

is not convincing, as he may merely have meant that the vials were empty of blood.  Indeed,

when the toxicologist Perch testified, he said that that the blood kits included "tubes with

preservatives" that met the requirements for Ohio's Judiciary Code.[60]  Without any convincing

evidence that the blood draw failed to comply with Ohio law, Greer cannot show that there was a

reasonable probability of a different outcome had his counsel moved to suppress the blood

evidence.

      Greer raises a third ground for ineffective assistance of counsel that requires slightly

different analysis.  Greer points out that the blood test report produced to defense counsel did not

have the signature of the person who had drawn the blood, in violation of Ohio Rev. Code

§ 4511.19(E)(1)(a).[61]  There *is* evidence of this in the record.  Immediately before trial, Greer's

counsel moved to exclude the report on the ground that the "copy of the report we got" was

missing the proper signatures under § 4511.19(E)(1)(a).[62]

---

[59] Doc. 4-13 at 4.
[60] Doc. 6-2 at 275.
[61] Doc. 1-1 at 7.
[62] Doc. 6-1 at 10-11.

-11-

Case No. 14-cv-1975
Gwin, J.

The prosecution opposed, arguing that the report did not need to meet the § 4511.19(E) requirements because the report was not being used as prima facie evidence and was instead being brought in after the toxicologist Perch laid a foundation.[63]  The prosecution also opposed the motion to exclude because the motion was properly characterized as a motion to suppress, and the time for motions to suppress had passed.[64]

The judge denied the motion to exclude.  He did not point to the timeliness of the motion. Instead, the Judge specifically asked whether "Mr. Perch will be testifying from his original report or a copy of his original report that has signatures and everything else on it?"[65] Prosecution responded "Yes, Judge."[66]

Greer's ineffective assistance of counsel claim on this ground also loses.  First, it appears that counsel did act reasonably in moving to exclude the document based on the § 4511.19(E) errors.  Failing to move to suppress earlier does not appear to have prejudiced Greer's case. Second, the prosecution indicated that the copy of the report used at trial would have all the required signatures.  The copy Greer provides in his habeas is labeled as the one produced to defense counsel prior to trial.[67]  The exhibit used at trial is not before this Court in the record. However, there is no indication that it did not contain the required signatures.

Greer cannot show that there was a reasonable probability of a different outcome had his counsel moved to suppress the blood evidence.

---

[63] *Id.* at 12
[64] *Id.*
[65] *Id.* at 14
[66] *Id.*
[67] Doc. 20-2.

-12-

Case No. 14-cv-1975
Gwin, J.


B.  Merits of Ground Two

In his second ground for relief, Petitioner Greer writes, "The state appellate court decision was contrary to, and was based on an unreasonable application of, *Missouri v. McNeely*, [569 U.S. ___, 133 S.Ct. 1552, 1558, 185 L.Ed.2d 693 (2013)]."[68]

In Greer's briefing and in the Report and Recommendation this ground for relief expands into two separate arguments.  First, Greer argues that he received ineffective assistance of counsel when his trial counsel did not argue that there had been a Fourth Amendment violation in drawing his blood pursuant to Ohio Rev. Code. § 4511.19(A)(1)(a).  Second, Greer argues that, on the merits, *McNeely* should be applied retroactively to his case and should result in this Court finding § 4511.19(A)(1)(a) unconstitutional.  Both arguments lose.

The arguments at hand require some additional background on Greer's blood draw, and the case he cites to, *Missouri v. McNeely*.  On the night of Greer's arrest in 2012, police offered Greer the opportunity to submit to a breathalyzer test.[69]  He refused.[70]  The police officer at the scene then subjected Greer to an alcohol blood test under Ohio Rev. Code § 4511.191(A)(5).[71]  Under this provision, if a law enforcement officer arrests somebody for OVI, and that person has two previous OVI convictions, "the law enforcement officer shall request the person to submit, and the person shall submit, to a chemical test or tests" for blood alcohol levels.[72]  If a person does not submit to the blood test, an officer may "employ whatever reasonable means necessary to ensure that the person submits to a chemical test."[73]

---

[68] Doc. 1-1 at 9.
[69] Doc. 6-2 at 200.
[70] *Id.*
[71] Doc. 1-1 at 2, 10.
[72] Ohio Rev. Code § 4511.191(A)(5).
[73] *Id.*

Case No. 14-cv-1975
Gwin, J.

After Greer's 2012 conviction, the United States Supreme Court addressed the constitutionality of alcohol blood tests in *Missouri v. McNeely*.[74]  In particular, the Supreme Court concluded that when an officer pulled over a defendant on suspicion of drunk driving, the Fourth Amendment did not, per se, allow for warrantless blood draw under the exigent circumstances exception.[75]  Instead, a warrantless blood draw would only be available if exigent circumstances existed based on the totality of the circumstances.[76]

Greer frames Ohio's blood draw statute as mandatory, and unconstitutional in light of *McNeely*.[77]  Greer raises a possible argument for prospective litigation, one that has been identified by secondary sources as well.[78]

However, Greer's arguments in this habeas petition lose.

As an initial matter, the Report and Recommendation is correct that it is not objectively unreasonable for Greer's trial counsel to have not made a Fourth Amendment argument at the time of Greer's trial.  An attorney cannot be expected to raise arguments based on a Supreme Court case that has not yet been decided.   As a result, the first prong of *Strickland* test is not met, and Greer's ineffective assistance claim loses.

The more complex question is whether Greer is entitled to relief based on the merits of *McNeely*.  He is not.  The Report and Recommendation reaches this same conclusion by making

---

[74]  ___ U.S. ___, 133 S. Ct. 1552 (2013).
[75] *Id.* at 1556.
[76] *Id.*
[77] Doc. 20 at 7-13.
[78] As noted in this Court's opinion on Greer's motion to stay, at least one Ohio criminal law treatise has indicated that required blood tests under Ohio Rev. Code § 4511.191(A)(5) may be subject to challenge in light of *McNeely*.  Baldwin's Ohio Driving Under Influence Law § 6:5 (2015) (In 2011, Ohio courts upheld the constitutionality of the mandatory blood test law in *State v. Slates*. However, *McNeely* "certainly calls the reasoning and conclusion of *Slates* into serious doubt."); *Id.* at § 9:73 ("Current statutory provisions require offenders charged with operating a vehicle or watercraft under the influence, and who have two prior applicable convictions, to submit on request to a chemical test . . . .  This section will likely see challenges under *Missouri v. McNeely*.").

Case No. 14-cv-1975
Gwin, J.

two arguments: first, that *McNeely* does not make Ohio's statute unconstitutional because the

blood draw remains discretionary under § 4511.191(A)(5); and second, that Greer's warrantless

blood draw was reasonable under the circumstances, regardless.[79]  This Court concludes that

Greer's arguments are meritless without reaching either of these findings.

Instead, this Court concludes that *even if* § 4511.191(A)(5) were unconstitutional, and

*even if* Greer could show that the officer did not have grounds for a warrantless blood draw, the

officer's actions on the night of January 2, 2012 were reasonable based on existing law at the

time.  As a result, the blood draw was admissible under the good faith exception.[80]

Generally, evidence obtained in violation of the Fourth Amendment must be excluded

from the courts.  However, application of this exclusionary rule is not automatic or reflexive.[81]

If a law enforcement officer relies in good faith that his actions are in compliance with the

Fourth Amendment, the evidence is admissible.[82]  This good-faith exception extends to "searches

conducted in reasonable reliance on subsequently invalidated statutes."[83]  The exception also

extends to searches conducted "in objectively reasonable reliance on binding judicial

precedent."[84]  Police cannot exhibit "deliberate," "reckless," or "grossly negligent" disregard for

Fourth Amendment rights.[85]  Rather, their reliance must be "objectively reasonable."[86]

---

[79] Doc. 18 at 18-21.

[80] Greer had requested that this Court stay its decision pending a decision from the Supreme Court in three consolidated cases that address the question of whether a state may criminalize failure to submit to a blood alcohol test.  This Court denied that request, finding that the case did not deal with the legal questions at issue in Greer's habeas.  Doc. 25.  The Supreme Court has now issued its opinion.  *Birchfield v. North Dakota*, 579 U.S. ___ (2016). The decided opinion does not affect or alter this Court's analysis.  The blood draw was admissible under the good faith exception

[81] *Davis v. United States*, 564 U.S. 229, 237-38 (2011).

[82] *Id.* at 239 (citing *United States v. Leon*, 468 U.S. 897 (1984)).

[83] *Id.* (citing *Illinois v. Krull*, 480 U.S. 340 (1987))

[84] *Id.* at 241.

[85] *Id.* at 238.

[86] *Id.*

-15-

Case No. 14-cv-1975
Gwin, J.

At the time of Greer's blood draw, it was "objectively reasonable" for the officers to believe that they had a right to draw blood under § 4511.191(A)(5).  The Ohio Court of Appeals had upheld § 4511.191(A)(5) as constitutional only a year before, relying on United States Supreme Court precedent that was still good at the time of Greer's 2012 arrest.[87]  The Officer's actions on that evening were squarely in line with judicial precedent, and squarely in line with the existing statute.  They were objectively reasonable.[88]

As a result, Greer cannot show that he is entitled to relief under § 2254 under his second claim.

C.  Merits of Ground Three

In his third ground for relief, Petitioner Greer writes that he received ineffective assistance of appellate counsel when "appellate counsel failed to raise trial counsel's ineffectiveness when counsel failed to object to the State's introduction of the blood test results under, *Crawford v. Washington*, 541 U.S. 36 (2004), violating the petitioner's Sixth Amendment confrontation rights."[89]

---

[87] *State v. Slates*, 9th Dist. Summit County No. 25019, 2011-Ohio-295 (citing *Schmerber v. California*, 384 U.S. 757 (1966))

[88] Greer argues that the good faith exception does not apply because "the failure to understand the law by the very person charged with enforcing it is not objectively reasonable."  Doc. 1-1 at 17 (citing *Sherouse v. Ratchner*, 573 F.3d 1055 (10th Cir. 2009); *State v. Louwrens*, 792 N.W.2d 649 (Iowa 2010)). However, Greer misapprehends the nature of the good-faith exception.  The police officers *did* understand Ohio law at the time.  The police officers properly followed the blood draw statute at § 4511.191(A)(5). The cases Greer cites do not stand for the proposition that law enforcement officers must understand and predict uncharted Supreme Court decisions.

Greer also appears to make the argument that his *appellate counsel* should have raised the substantive *McNeely* argument on his direct appeal. Doc. 1-1 at 18-19.  To the extent Greer is making another ineffective assistance of counsel claim, he loses.  As described at length above, even if *McNeely* applied retroactively, it would not have altered Greer's case.  The Ninth District Court of Appeals reached this same conclusion.  Doc. 4-21 at 3-4.  Greer cannot meet *Strickland*'s prejudice prong.

[89] Doc. 1-1 at 20.

-16-

Case No. 14-cv-1975
Gwin, J.

In particular, Greer argues that the blood test results are testimonial evidence, and that under the Supreme Court's Confrontation Clause precedent, he should have had the opportunity to cross-examine the nurse who drew his blood. Greer relies heavily on *State v. Syx*, in which the Ohio Court of Appeals, Second District, concluded that blood test results should have been dismissed because neither the phlebotomist or the toxicologist were called to lay a foundation for the blood test results.[90] The *Syx* court focused on the need for testimony from first-hand witnesses, noting that the toxicologist called was the head of the lab and did not actually conduct the testing.[91] Moreover, the officer who testified "played no role" in drawing the blood and could not testify as to the blood draw.[92]

Greer's case does not suffer from the same flaw as the case in *Syx*. The toxicologist from the Summit County Medical Examiner's office who actually ran the sample, Steve Perch, testified. He testified as to the procedures in the office for collecting and storing samples[93]; he testified that his lab was in compliance with the Ohio Administrative Code[94]; he testified to the procedure he used for running Greer's samples[95]; he testified to the equipment used[96]; he testified to the results of the test.[97] Greer's trial counsel had the opportunity to cross examine Perch.[98]

---

[90] 944 N.E.2d 722 (Ohio App. Ct. 2010).
[91] *Id.* at 728.
[92] *Id.*
[93] Doc. 6-2 at 273-277.
[94] *Id.* at 273.
[95] *Id.* at 278-279.
[96] *Id.*
[97] *Id.* at 280.
[98] *Id.* at 282-293.

-17-

Case No. 14-cv-1975
Gwin, J.

Moreover, Officer Gump offered first-hand testimony of the procedure used to collect the blood sample and maintain the chain of custody.[99]  Greer's counsel also cross- examined Gump.[100]

Greer claims that he had a right to cross-examine the nurse in particular because of Ohio's requirements that the nurse use a non-alcohol antiseptic and that there be an anticoagulant.  However, no testimony was offered as to these two conclusions.  As described above, Ohio only requires the government to affirmatively prove regulation compliance after trial counsel moves to suppress.[101]  At Greer's trial, the question of the antiseptic and the anticoagulant were deemed satisfied.  Greer does not have a constitutional right to cross-examine a witness when there is no testimonial evidence to cross-examine.  Although his blood test results are themselves testimonial, the opportunity to cross examine Perch and Gump fulfilled the Confrontation Clause's requirements.[102]

Greer's constitutional right to confront the witnesses against him has been satisfied.  He cannot show that there was a violation of the Confrontation Clause.  As a result, he cannot show that he was prejudiced by the actions of his appellate counsel.  His claim for ineffective assistance of counsel loses.

D.  Merits of Ground Four

In his fourth ground for relief, Petitioner Greer writes that he received ineffective assistance of appellate counsel when his appellate attorney failed to challenge trial counsel's

---

[99] *Id.* at 203-210.
[100] *Id.* at 229-240.
[101] *See* supra, note 70.
[102] *See Melendez-Diaz v. Massachusetts*, 577 U.S. 305 (2009) (holding that the opportunity to cross-examine a lab analyst would satisfy the Confrontation Clause when a lab's test results were admitted).

Case No. 14-cv-1975
Gwin, J.

failure to sever Greer's marijuana charge, and failed to request a limiting or cautionary jury instruction related to the marijuana charge.[103]

Greer had been charged with, and plead guilty to, a possession of marijuana charge prior to his OVI trial.  The marijuana possession had arisen from the same incident.  The police had found a marijuana cigarette in Greer's car.  At trial, the only mention of marijuana came during Officer Gump's testimony.  He said that while he was patting Greer down he was "looking for a wallet with an ID."[104]  Gump went on to testify that "in his pants pocket were found a pill bottle with — I believe it was a marijuana cigarette, or marijuana with a cigarette or something like that.  And also in his right pants pocket, car keys, in which one of the keys obviously fit the ignition to the vehicle."[105]  The prosecution asked no follow-up questions about the marijuana.  Marijuana was not discussed again at trial.[106]

Greer cannot show a reasonable probability of a different outcome had his marijuana charge been severed.  He has not demonstrated prejudice.  The mention of marijuana played such a minimal role at the trial, that there's no reasonable probability that a limiting instruction or severed charge would have changed the outcome of Greer's trial.

As Greer cannot show prejudice, he cannot show that he was prejudiced by the actions of his appellate counsel.  His claim for ineffective assistance of counsel loses.

---

[103] Doc. 1-1 at 25.
[104] Doc. 6-2 at 197-198.
[105] *Id.*
[106] Greer's indictment also included the marijuana charge.  However, Greer has not pointed to a part of the trial testimony where the full indictment was put before the jury.  Even if the jury saw the full indictment, there is no indication that the jury's attention was called to the other charge.  Again, mention of the marijuana charge was minimal.

-19-

Case No. 14-cv-1975
Gwin, J.

Greer emphasizes that this court should consider the cumulative effect of his counsel's

ineffective assistance.  But all of Greer's other claims are meritless.  There is no cumulative

effect to consider.


E.  Merits of Ground Five

In his fifth ground for relief, Greer states that:

Appellate counsel rendered ineffective assistance of counsel when appellate
counsel failed to raise a claim of error that the trial court erred when allowing the
state to introduce the testimony of Steve Perch and the blood test results when the
State intentionally withheld evidence from the defense in violation of the due
process clause and Ohio Crim. R. 16(K).[107]

Under Ohio Rule of Criminal Procedure 16(K), a criminal defendant receives an expert

witness's qualifications, and a written summary of his testimony at least twenty-one days prior to

trial.

By the eve of trial, Greer's counsel had not yet received these documents for toxicologist

Perch.  Before voir dire, Greer's counsel objected to the Rule 16(K) violation because the

defense could not "properly prepare" to cross-examine Perch, and as a result they would be

prejudiced.[108]

After Greer's counsel objected, the prosecution recognized the error, and repeatedly said

that if defense counsel "are being harmed in any fashion by the fact they don't have the expert's

background . . . then the proper thing to do is to give them a continuance and pick a new trial

date."[109]

---

[107] Doc. 1-1 at 29.
[108] Doc 6-1 at 19.
[109] Doc 6-1 at 17; *see also id.* at 18; *id.* at 24.

-20-

Case No. 14-cv-1975
Gwin, J.

After discussion, defense counsel agreed that if Perch testified the next day, and counsel got the relevant documents that afternoon, there was no need for a continuance.  Counsel said: "Your Honor, if we can get it before tomorrow before he testifies over the – after trial today, I can do any and all investigation of those issues and be prepared for tomorrow."[110]

The judge responded "Are you sure that is what you want to do?" Defense counsel confirmed that it was.[111]

Greer now complains that his appellate counsel did not raise the Rule 16(K) violation on his appeal.  However, even if counsel had, counsel would not have been able to show prejudice because of the Rule 16(K) error.  Greer's trial counsel said he could be prepared to cross-examine Perch.  And, indeed, counsel went on to cross examine Perch on a series of detailed and technical issues.[112]  Because Greer's appellate counsel could not have shown prejudice, Greer cannot show that his appellate counsel was ineffective for not raising the 16(K) error.[113]

---

[110] *Id.* at 27.
[111] *Id.*
[112] Doc. 6-2 at 282-293.
[113] The case law that Greer cites to the contrary deal with flagrant and un-addressed violations of Rule 16.  Doc. 20 at 24-25.  Greer's objections do not change this Court's analysis.

Case No. 14-cv-1975
Gwin, J.

## VI. Conclusion

For the foregoing reasons, this Court **OVERRULES** Petitioner Greer's objections,

**ADOPTS** Magistrate Judge Limbert's Report and Recommendation, consistent with this

opinion, and **DISMISSES** Petitioner Greer's § 2254 habeas petition.  This Court certifies that no

appeal from this decision could be taken in good faith.


IT IS SO ORDERED.


Dated:  June 30, 2016                                              *s/          James S. Gwin*
                                                                   JAMES S. GWIN
                                                                   UNITED STATES DISTRICT JUDGE